EMILY I. RICHMOND vs. JOHN E. COLE, T. T.

JUNE 11, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

(1)  *Municipal Corporations.  Abatement and Revival.*

In an action against a town through its treasurer, a written agreement of counsel filed in the case to the effect that "judgment may be entered for the plaintiff on or after September 15, 1914, for amount of notes declared on and interest thereon to be computed by counsel before said 15th day of September, 1914," is not equivalent to entry of judgment and where no further action was taken until more than one year after the defendant had been succeeded in the office of town treasurer, the action abated.

ASSUMPSIT.  Heard on exception of plaintiff and overruled.

SWEETLAND, J.    This is an action in assumpsit to recover the amount of four promissory notes, alleged to have been made respectively by certain former town treasurers of the town of West Greenwich for the use and benefit of said town and upon due authorization from said town.

The action was commenced against John E. Cole, at that time town treasurer of said town by writ returnable to the Superior Court in Kent county, January 12, 1914.  On January 2, 1917, the defendant moved that the case be stricken from the docket on the ground that said action had abated.  At a hearing upon said motion before a justice of the Superior Court it appeared that on November 28, 1914, the defendant had been succeeded in the office of town treasurer of West Greenwich by Samuel Kettelle who had continued in said office up to the time of the hearing; that said Samuel Kettelle had not at any time come into the suit and taken upon himself the defence of the same nor had he been summoned in to do so.  Said justice granted the motion and also ordered that the action be quashed.

The case is before us upon the plaintiff's exception to this ruling of the justice.

Section 13, Chapter 283, General Laws, 1909, provides as follows:  "Sec. 13.  No action, suit, or proceeding, com-

menced or pending by or against any officer, receiver, or trustee, in his capacity as such, shall abate in consequence of his death, or of his ceasing to hold his office, place, or trust, within one year thereafter; but at any time within one year thereafter his successor in the office, place, or trust may come in and take upon himself, or he may be summoned in to take upon himself, the prosecution or defence of such action, suit, or proceeding." We have held that under this section an action against a town treasurer did not abate during one year after the defendant town treasurer ceased to hold said office, but did abate at the end of said year; unless during said year his successor in the office of town treasurer had come in and taken upon himself or had been summoned in to take upon himself the defence of said action. *Saunders* v. *Pendleton,* 19 R. I. 659; *Tourjee* v. *Matteson, T. T.,* 34 R. I. 270; *Whitford* v. *Palmer,* 38 R. I. 53. The order of said justice quashing the action was without effect if said action had already abated at the end of one year after said John E. Cole ceased to hold the office of town treasurer of West Greenwich. There was no error in the ruling of said justice striking the action from the docket of causes pending in said court; unless a certain agreement in the file of the case prevented the abatement of the action, as the plaintiff contends. On August 22, 1914, there was filed in the case a written agreement signed by the attorney of record of each party, which agreement was in the following language: "It is agreed that judgment may be entered for the plaintiff on or after September 15, 1914, for amount of notes declared on and interest thereon to be computed by counsel before said 15th day of September, 1914." Judgment was not entered in accordance with said agreement on or after September 15, 1914, and no further action was taken in the case until more than one year after said John E. Cole ceased to hold said office of town treasurer. We do not agree with the contention of the plaintiff that the filing of said agreement in writing was equivalent to the entry of judgment in the case and that the action ceased to

be a pending action affected by the provisions of said Section 13, Chapter 283, General Laws, 1909. The agreement was one authorizing the court to enter judgment at some future date when the parties should have agreed upon the amount; but the filing of said agreement did not have the force of an entry of judgment. The action remained pending and in the circumstances abated after one year from the time when the defendant ceased to hold the office of town treasurer of West Greenwich.

The plaintiff's exception is overruled. The case is remitted to the Superior Court, there to stand abated.

*Lester T. Murphy,* for plaintiff.
*Quinn & Kernan,* for defendant.